IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DALE EVAN MILEY                                                                                                      PLAINTIFF

v.                                      Case No. 1:23-cv-01058

LEROY MARTIN                                                                                                      DEFENDANT

## ORDER

Currently before the Court is Plaintiff's failure to comply with orders of the Court and to prosecute this matter. Plaintiff, Dale Evan Miley, originally submitted this 42 U.S.C. § 1983 action *pro se*, on June 9, 2023, in the United States District Court for the Eastern District of Arkansas. ECF No. 2. The Eastern District transferred the case to this Court on June 14, 2023. ECF No. 4.

On June 20, 2023, the Court entered an Order directing Plaintiff to file a completed application to proceed *in forma paupris* ("IFP"), as he failed to do so with his Complaint. ECF No. 7. The Court directed Plaintiff to respond with the completed IFP Application or pay the full filing fee by July 11, 2023. *Id*. On June 20, 2023, the Court also entered an Order directing Plaintiff to file an amended complaint by July 11, 2023. ECF No. 8. These Orders were not returned as undeliverable mail. Plaintiff failed to respond to either Order. ECF Nos. 7, 8.

On August 17, 2023, the Court entered an Order to Show Cause why Plaintiff failed to respond to the Court's June 20, 2023 Orders. ECF No. 9. This Order to Show Cause was mailed to Plaintiff's address of record at the Columbia County Detention Center and was not returned as undeliverable mail. To date, Plaintiff has not responded to the Court's Orders or communicated with the Court in any way since the transfer of this case.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of October, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge